**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

LaShonda Warner,

Plaintiff,

v.

Equifax Information Services, LLC,

Defendant.

Case No.: ___________________

**JURY TRIAL DEMANDED**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. This is a civil action for actual damages, statutory damages, punitive damages, and costs brought by Plaintiff LaShonda Warner ("Plaintiff" or "Ms. Warner") against Defendant Equifax Information Services, LLC ("Equifax" or "Defendant") for knowing and willful violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"). This complaint is filed pursuant to the pro se pleading standards of Erickson v. Pardus, 551 U.S. 89 (2007), and Plaintiff respectfully requests that the Court construe it liberally.

2. Equifax is a consumer reporting agency ("CRA") that assembles and sells consumer credit information. When a consumer requests her own credit file -- the so-called "file disclosure" -- the FCRA commands Equifax to "clearly and accurately disclose . . . [a]ll

information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). Equifax is equally obligated to follow reasonable procedures to assure maximum possible accuracy of the information contained in consumer reports it prepares and disseminates to third parties. 15 U.S.C. § 1681e(b).

3. Equifax systematically withholds material data fields from consumers' file disclosures while simultaneously providing that same complete information to third-party purchasers of consumer reports. The January 24, 2026 disclosure provided to Ms. Warner (Confirmation No. 6024563485) contains in excess of sixty (60) blank, missing, or unpopulated data fields spread across every account in her file. The identical pattern of omissions -- blank Scheduled Payment Amount fields, No Data Available cells in payment history grids, blank Date of Last Activity fields, and blank Date Major Delinquency First Reported fields -- appearing uniformly across all accounts confirms a deliberate, systemic software or policy decision by Equifax, not random data error.

4. In addition, the COMENITYCAPITAL/CHLDPLCE account (Account *5655) is reported with a current balance of $347 against a stated Credit Limit of $170 -- a balance-to-limit ratio of approximately 204% and a per se factual inaccuracy that was disseminated to at least four third-party creditors through the hard inquiries reflected in the Disclosure.

5. Furthermore, Narrative Code 022 ("Consumer Disputes - Reinvestigation in Process") appears in the December 2024 row of the 24-Month History table for the COMENITYCAPITAL/CHLDPLCE account, confirming that Plaintiff previously submitted a direct dispute to Equifax regarding that account. Notwithstanding that prior dispute, the per se balance inaccuracy, blank Date of Last Payment fields, blank Date

Closed field, and a three-year discrepancy between the Date of First Delinquency and the Date Major Delinquency First Reported all remain uncorrected in the January 24, 2026 Disclosure.

6. Plaintiff brings this action to enforce her statutory rights, to obtain a complete and accurate disclosure of her consumer file, and to recover all damages to which she is entitled under the FCRA.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331, because this action arises under federal law.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District: specifically, Equifax's incomplete consumer disclosure was provided to Plaintiff, a Massachusetts resident, and the hard inquiries disseminating inaccurate information were made to creditors in connection with credit transactions arising within this District.

## PARTIES

9. Plaintiff LaShonda Warner is a natural person residing at 52 Cedar St, Mattapan, Massachusetts 02126. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Defendant Equifax Information Services, LLC is a Georgia limited liability company with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a nationwide "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), in that, for monetary fees and on a cooperative nonprofit basis, it regularly engages in the practice of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties using means and facilities of interstate

commerce. As a CRA, Equifax is fully aware of its obligations under the FCRA, including its duty under 15 U.S.C. § 1681g(a)(1) to clearly and accurately disclose all information in a consumer's file upon request.

## FACTUAL ALLEGATIONS

### A. Credit Report Overview

11. On or about January 24, 2026, Plaintiff requested a copy of her consumer file disclosure from Equifax. Equifax provided Plaintiff with a digital Consumer Disclosure bearing Confirmation Number 6024563485 (the "Disclosure") and dated January 24, 2026. The Disclosure is attached hereto as Exhibit A.

12. Pursuant to 15 U.S.C. § 1681g(a)(1), upon receipt of Plaintiff's request, Equifax was required to "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request." Under 15 U.S.C. § 1681a(g), a consumer's "file" means "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored."

13. The operative question under § 1681g is whether the disclosure is "unclear such that the consumer cannot determine the accuracy of the information in that disclosure." Alexander v. Equifax Info. Services, LLC, 2018 WL 3025939, at *4 (D. Nev. June 15, 2018). The FTC Advisory Opinion to Darcy (June 30, 2000) ("Darcy Opinion"), attached hereto as Exhibit B, confirms that a CRA that omits or systematically withholds data from a consumer's own file disclosure while transmitting that same data to third-party purchasers violates 15 U.S.C. § 1681g(a)(1).

### B. Section 1681g(a)(1) -- Incomplete Disclosure Facts: Account-by-Account Inventory

14. The January 24, 2026 Disclosure contains data fields that are systematically blank, missing, or otherwise unpopulated across all accounts. An itemized account-by-account inventory is attached as Exhibit C. The aggregate total of blank, missing, or unpopulated data fields across Plaintiff's accounts is in excess of sixty (60) fields. The following describes the primary deficiencies by trade line.

**ML Enterprise Inc. (Account *1989)**

15. The ML Enterprise account (Account *1989, Partially Secured, Status: 60-89 Days Past Due, Opened 07/30/2025) presents the following blank or unpopulated fields: (a) Date of Last Activity is blank; (b) Date Major Delinquency First Reported is blank -- a material omission because this field governs the seven-year reporting clock under 15 U.S.C. § 1681c; (c) Actual Payment Amount is blank for the October 2025 history row despite a scheduled payment of $44 and a payment date of October 27, 2025; and (d) the Payment History grid shows No Data Available for all months in 2025 except one entry for November (30 Days Past Due), with January through August 2025 entirely unpopulated despite the account having been open since July 2025.

**Santander Bank, N.A. (Account *1000)**

16. The Santander Bank auto loan (Account *1000, Status: Pays As Agreed, Opened 03/04/2025) presents the following blank or unpopulated fields: (a) Date of Last Activity is blank; (b) Date Major Delinquency First Reported is blank; (c) the 24-Month Payment History grid shows No Data Available for January, February, and March 2025 -- three months during which the account was open and active with a balance of $22,699 reported for March 2025; and (d) the Actual Payment Amount field for September 2025 is blank despite the account record showing a Last Payment Date of August 22, 2025 for that row.

These omissions prevent Plaintiff from verifying the completeness and accuracy of her auto loan payment history.

**Kikoff Lending, LLC (Account *CCBH)**

17. The Kikoff Lending account (Account *CCBH, Charge Account, Status: Pays As Agreed, Opened 11/27/2025) provides only one (1) month of 24-Month History data (November 2025). The Credit Limit field in the account header is blank -- populated only in the 24-Month History table with Narrative Code 233 ("Amount in High Credit Column is Credit Limit"). No Payment History grid is displayed for this account. The absence of the credit limit in the account summary header constitutes a missing data field.

**COMENITYCAPITAL/CHLDPLCE (Account *5655)**

18. The COMENITYCAPITAL/CHLDPLCE account (Account *5655, Charge Account, Status: Charge Off, Closed, Opened 09/13/2021) presents multiple blank and missing data fields and a per se inaccuracy: (a) the reported current balance of $347 equals and functionally exceeds the stated Credit Limit of $170, with the 24-Month History table confirming this balance-to-limit imbalance across all 23 months of history, including the most recent reporting period of November 2025; (b) Narrative Code 022 ("Consumer Disputes - Reinvestigation in Process") appears in the December 2024 row of the 24-Month History, confirming a prior consumer dispute was submitted and an active reinvestigation was triggered; (c) the Date of Last Payment field is blank across all 24 months of history; (d) the Date Closed field is blank despite the Activity Designator showing "Closed"; (e) the Scheduled Payment Amount field is blank in the account header; (f) months January through June 2022 in the Payment History grid show No Data Available despite the account having been opened September 2021 and the delinquency

having begun December 11, 2021 -- these months should contain delinquency notations; and (g) the Date Major Delinquency First Reported field shows January 28, 2025 -- materially inconsistent with the Date of First Delinquency of December 11, 2021, a three-year discrepancy that is unexplained on the face of the Disclosure and constitutes an internal data conflict.

**ChimeFin/Stride Bank (Account *3695)**

19. The ChimeFin/Stride Bank secured credit card (Account *3695, Status: Pays As Agreed, Opened 01/28/2021) presents the following blank or unpopulated fields: (a) Scheduled Payment Amount is blank for all 22 months of the 24-Month History table; (b) the Payment History grid for 2025 contains multiple months showing No Data Available, including January 2025, April 2025, and August through December 2025 -- during periods when the account was active and payments were made; (c) the Payment History grid for 2024 contains No Data Available cells for January through March 2024, May through June 2024, and September through December 2024; (d) the Credit Limit field in the account header is blank, with High Credit listed as $5,006; and (e) the Actual Payment Amount field for November 2025 is blank despite a Last Payment Date of October 3, 2025 reflecting activity in the account.

**Capital One Bank USA NA (Account *4032)**

20. The Capital One credit card (Account *4032, Closed 06/18/2025, Status: Pays As Agreed) presents the following blank or unpopulated fields: (a) the Payment History grid for 2025 contains No Data Available cells for January, February, and all months after July 2025; (b) the Scheduled Payment Amount field is blank in the account header and in

all 24-Month History rows; and (c) the Actual Payment Amount column is blank in all history rows except those months where the field is individually populated.

**Cleo/WebBank (Account *2704)**

21. The Cleo/WebBank secured credit card (Account *2704, Closed 06/14/2025) contains no 24-Month History table whatsoever, despite the account having been opened on June 13, 2025 and closed on June 14, 2025. The Credit Limit field is blank. The High Credit field shows $0. No payment history of any kind is disclosed. The Activity Designator shows "Paid and Closed," yet the mechanism by which the account was paid and closed -- including any actual payment amount -- is entirely absent from Plaintiff's Disclosure.

**Southwest Credit Systems -- Three Collection Accounts**

22. The Disclosure contains three Southwest Credit Systems collection accounts: Account *3602 (Original Creditor: Comcast, Date of First Delinquency: 01/13/2023); Account *0611 (Original Creditor: Comcast, Date of First Delinquency: 05/03/2022); and Account *4432 (Original Creditor: Comcast, Date of First Delinquency: 04/10/2022). For each of the three accounts, the Last Payment Date field shows "None" and no payment history grid of any kind is disclosed.

23. The systematic appearance of identical blank fields -- blank Scheduled Payment Amount, No Data Available payment history cells, blank Date of Last Activity, and blank Date Major Delinquency First Reported -- across every account in the same Disclosure, regardless of account type, creditor, or account age, confirms that these omissions result from a deliberate, uniform software or policy decision by Equifax, not from random data error. Williams v. First Advantage LNS Screening Solutions, Inc., 947 F.3d 735 (11th Cir. 2020).

24. On information and belief, Equifax maintains the complete and accurate data underlying each of the fields described above in its internal database systems and routinely transmits that complete data to third-party purchasers of consumer reports. Equifax's ability to populate those fields for third-party reports demonstrates its capability to comply with 15 U.S.C. § 1681g(a)(1) while choosing not to do so for Plaintiff's own file disclosure.

**C. Per Se Inaccuracy: Balance Exceeds Credit Limit -- COMENITYCAPITAL/CHLDPLCE**

25. As documented in paragraph 21 above, the COMENITYCAPITAL/CHLDPLCE account (Account *5655) reports a current balance of $347 against a stated Credit Limit of $170 -- a balance-to-limit ratio of approximately 204%. This is a per se factual inaccuracy: it is mathematically impossible for a revolving charge account to carry a balance exceeding its own credit limit without a documented over-limit fee or credit limit change, and neither appears in the Disclosure. Gorman v. Wolpoff and Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009).

26. This inaccuracy was disseminated to third-party creditors through at least four hard inquiries as identified in Section E below. A reviewing creditor relying on Equifax's report would calculate Plaintiff's credit utilization on this account at 204% -- a calculation that severely overstates Plaintiff's actual debt burden relative to her available credit and materially harms her creditworthiness as assessed by prospective lenders.

27. The absence of a basic automated data-integrity check comparing the current balance field against the credit limit field on the same account entry is objectively unreasonable under Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 69 (2007).

**D. Prior Consumer Dispute: COMENITYCAPITAL/CHLDPLCE Account (Narrative Code 022)**

28. The 24-Month History table for the COMENITYCAPITAL/CHLDPLCE account (Account *5655) reflects Narrative Code 022 ("Consumer Disputes - Reinvestigation in Process") for December 2024. This notation confirms that Plaintiff previously submitted a direct consumer dispute to Equifax regarding this account, thereby triggering Equifax's reinvestigation obligations under 15 U.S.C. § 1681i(a)(1)(A). Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 890 (9th Cir. 2010).

29. Despite the prior dispute and the active reinvestigation notation, the January 24, 2026 Disclosure continues to report the COMENITYCAPITAL/CHLDPLCE account with: (a) a balance of $347 exceeding the stated credit limit of $170; (b) a blank Date of Last Payment across all 24 months of history; (c) a blank Date Closed despite an Activity Designator of "Closed"; and (d) a three-year discrepancy between the Date of First Delinquency (December 11, 2021) and the Date Major Delinquency First Reported (January 28, 2025). Equifax's reinvestigation failed to correct any of these material deficiencies.

30. A reinvestigation that leaves a 204% balance-to-limit ratio uncorrected, leaves material date fields blank, and leaves an unexplained three-year data discrepancy in place is not a "reasonable reinvestigation" within the meaning of § 1681i(a)(1)(A). Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997) (reinvestigation cannot consist merely of a rubber-stamp of the original report). Ghazaryan v. Equifax Info. Servs., LLC, 740 F. App'x 157, 158 (9th Cir. 2018) (CRA must review all relevant consumer-submitted documentation; ACDV-only reinvestigation is unreasonable).

**E. Third-Party Dissemination: Hard Inquiries Establishing Article III Standing**

31. The January 24, 2026 Disclosure confirms that Equifax disseminated Plaintiff's consumer report containing inaccurate and incomplete information to the following third-party creditors on the following dates:

32. On July 29, 2024, Defendant transmitted Plaintiff's consumer report to Capital One.

33. On October 30, 2024, Defendant transmitted Plaintiff's consumer report to Capital One.

34. On March 4, 2025, Defendant transmitted Plaintiff's consumer report to Cap One Via Dealer (Capital One Auto Finance through a dealership portal).

35. On March 4, 2025, Defendant transmitted Plaintiff's consumer report to Herb Chambers Honda of Boston.

36. Each of the four transmissions identified above constitutes a separate dissemination of Plaintiff's consumer report -- containing incomplete disclosure data and, as to the COMENITYCAPITAL/CHLDPLCE account, a per se balance inaccuracy -- to a third-party creditor. Each such dissemination constitutes a concrete injury sufficient to establish Article III standing under TransUnion LLC v. Ramirez, 594 U.S. 413 (2021), because Plaintiff's inaccurate and incomplete consumer file was published to entities that relied upon it in evaluating Plaintiff's creditworthiness.

**F. Willfulness Allegations**

37. Equifax's violations of 15 U.S.C. §§ 1681g(a)(1), 1681e(b), and 1681i(a)(1)(A) are willful within the meaning of 15 U.S.C. § 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 69 (2007). Equifax's conduct is objectively unreasonable and creates a risk of harm substantially greater than carelessness for the following reasons:

38. First, the FTC Advisory Opinion to Darcy (June 30, 2000) expressly placed all CRAs, including Equifax, on notice over twenty-five years ago that systematic omission of information from consumer file disclosures violates Section 609 of the FCRA. Equifax has operated under this unambiguous regulatory notice since the year 2000. Any CRA continuing to engage in such conduct after twenty-five years of explicit regulatory notice acts in a manner that is objectively unreasonable under Safeco.

39. Second, the identical pattern of blank Scheduled Payment Amount fields, No Data Available payment history cells, blank Date of Last Activity fields, and blank Date Major Delinquency First Reported fields appearing uniformly across every account in the same Disclosure -- regardless of creditor, account type, or account age -- confirms that these omissions are the product of a deliberate software policy, not random data error. Williams v. First Advantage LNS Screening Solutions, Inc., 947 F.3d 735 (11th Cir. 2020).

40. Third, the failure to maintain a basic automated data-integrity check comparing the current balance field against the credit limit field on the same account entry before publishing a consumer report is objectively unreasonable. Any minimally compliant data-quality system would flag and reject a balance-exceeds-limit entry before dissemination.

**G. Actual Damages**

41. As a direct and proximate result of Equifax's violations of the FCRA, Plaintiff has suffered actual damages, including but not limited to: (a) emotional distress, anxiety, and frustration caused by receiving an incomplete, confusing, and internally inconsistent consumer disclosure that prevented Plaintiff from verifying the accuracy of her own credit file; (b) inability to identify and effectively dispute inaccurate or misleading

information due to the absence of complete data fields, including the per se inaccurate balance-to-limit reporting on the COMENITYCAPITAL/CHLDPLCE account; (c) concrete harm to creditworthiness arising from the dissemination of inaccurate credit utilization data to the four hard-inquiry creditors identified above; and (d) time and resources expended attempting to decipher and investigate an incomplete disclosure.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF 15 U.S.C. § 1681g(a)(1)

## Willful and Negligent Failure to Clearly and Accurately Disclose All Information in Consumer's File

42. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

43. 15 U.S.C. § 1681g(a)(1) requires Equifax, upon a consumer's request, to "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681a(g) defines "file" to mean "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored."

44. Equifax violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose all information in Plaintiff's consumer file. As documented in the account-by-account inventory in Section B above and in Exhibit C, Equifax's Disclosure contained in excess of sixty (60) blank, missing, or unpopulated data fields spanning every credit account in Plaintiff's file, including: (a) blank Scheduled Payment Amount fields across all 22 months of history for the ChimeFin/Stride Bank account; (b) No Data Available payment history cells for multiple months across the ML Enterprise, Santander Bank,

ChimeFin/Stride Bank, and Capital One accounts; (c) blank Date of Last Activity and blank Date Major Delinquency First Reported fields; (d) a complete absence of any 24-Month History table for the Cleo/WebBank account; (e) blank Date of Last Payment fields across all 24 months of COMENITYCAPITAL/CHLDPLCE history; and (f) blank Date Closed for the COMENITYCAPITAL/CHLDPLCE account despite an Activity Designator of "Closed."

45. Equifax's failure to disclose this information renders the Disclosure "unclear such that [Plaintiff] cannot determine the accuracy of the information in that disclosure." Alexander v. Equifax Info. Services, LLC, 2018 WL 3025939, at *4 (D. Nev. 2018). The Seventh Circuit has confirmed that a consumer's "file" includes information contained in a consumer report produced by the CRA and reported to third parties. Gillespie v. Trans Union Corp., 482 F.3d 907, 908-10 (7th Cir. 2007).

46. Equifax's violations are willful within the meaning of 15 U.S.C. § 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), as set forth in the Willfulness Allegations above.

47. In the alternative, Equifax's conduct was negligent within the meaning of 15 U.S.C. § 1681o.

48. As a direct and proximate result of Equifax's violations of 15 U.S.C. § 1681g(a)(1), Plaintiff has suffered actual damages as described above. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1) and 1681o(a)(1), statutory damages of not less than $100.00 and not more than $1,000.00 per willful violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and costs of this action pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

**COUNT II**

**VIOLATION OF 15 U.S.C. § 1681e(b)**

**Willful and Negligent Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy -- Per Se Inaccuracy: Balance Exceeding Credit Limit**

49. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

50. 15 U.S.C. § 1681e(b) requires every consumer reporting agency to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" whenever it prepares a consumer report.

51. Equifax violated 15 U.S.C. § 1681e(b) by preparing and disseminating consumer reports reflecting a current balance of $347 on the COMENITYCAPITAL/CHLDPLCE account (Account *5655) against a stated Credit Limit of $170 -- a balance-to-limit ratio of approximately 204%. No revolving charge account can lawfully carry an outstanding balance exceeding its credit limit without documentation of an over-limit transaction, and no such documentation or explanation appears in the Disclosure. Gorman v. Wolpoff and Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009).

52. This per se inaccuracy was disseminated to third-party creditors through at least four hard inquiries: Capital One (July 29, 2024); Capital One (October 30, 2024); Cap One Via Dealer (March 4, 2025); and Herb Chambers Honda of Boston (March 4, 2025). Each dissemination of a consumer report containing this inaccuracy constitutes a separate violation of 15 U.S.C. § 1681e(b).

53. The failure to maintain a basic automated check comparing the reported balance against the reported credit limit before publishing a consumer report is objectively unreasonable

under Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), constituting willful conduct within the meaning of 15 U.S.C. § 1681n.

54. In the alternative, Equifax's conduct was negligent within the meaning of 15 U.S.C. § 1681o.

55. As a direct and proximate result of Equifax's violations of 15 U.S.C. § 1681e(b), Plaintiff has suffered actual damages as described above. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1) and 1681o(a)(1), statutory damages of not less than $100.00 and not more than $1,000.00 per willful violation per dissemination pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and costs of this action pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## COUNT III

## VIOLATION OF 15 U.S.C. §§ 1681i(a)(1)(A) AND 1681i(a)(5)(A)

## Failure to Conduct a Reasonable Reinvestigation and Failure to Delete or Modify Unverifiable Information -- COMENITYCAPITAL/CHLDPLCE Account

56. Plaintiff incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

57. 15 U.S.C. § 1681i(a)(1)(A) requires that, upon notice of a consumer dispute, Equifax must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within thirty days.

58. 15 U.S.C. § 1681i(a)(5)(A) requires a consumer reporting agency to promptly delete any information that is found to be inaccurate, incomplete, or cannot be verified upon completion of a reinvestigation.

59. The January 24, 2026 Disclosure for the COMENITYCAPITAL/CHLDPLCE account (Account *5655) bears Narrative Code 022 ("Consumer Disputes - Reinvestigation in Process") in the December 2024 row of the 24-Month History table. This notation confirms that Plaintiff previously submitted a direct dispute to Equifax regarding this account as required by Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 890 (9th Cir. 2010), thereby triggering Equifax's reinvestigation obligations.

60. Despite the prior dispute and active reinvestigation, the January 24, 2026 Disclosure continues to report the COMENITYCAPITAL/CHLDPLCE account with: (a) a balance of $347 exceeding the stated Credit Limit of $170, a per se inaccuracy that survived reinvestigation uncorrected; (b) a blank Date of Last Payment field across all 24 months of history; (c) a blank Date Closed field despite the Activity Designator showing "Closed"; and (d) a three-year discrepancy between the Date of First Delinquency (December 11, 2021) and the Date Major Delinquency First Reported (January 28, 2025) -- an internal data conflict that is by definition unverifiable on its face.

61. Equifax's reinvestigation failed to correct the per se inaccurate balance-to-limit reporting, failed to populate the blank Date of Last Payment and Date Closed fields, and failed to resolve or explain the three-year date discrepancy. A reinvestigation that leaves a 204% balance-to-limit ratio uncorrected is not a "reasonable reinvestigation" within the meaning of § 1681i(a)(1)(A). Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997). Ghazaryan v. Equifax Info. Servs., LLC, 740 F. App'x 157, 158 (9th Cir. 2018) (ACDV-only reinvestigation is unreasonable as a matter of law).

62. Equifax's failure to delete or modify the three-year date discrepancy and the balance-exceeds-limit reporting, both of which are internally unverifiable on the face of the Disclosure, further violates 15 U.S.C. § 1681i(a)(5)(A).

63. As a direct and proximate result of Equifax's violations of 15 U.S.C. §§ 1681i(a)(1)(A) and 1681i(a)(5)(A), Plaintiff has suffered actual damages as described above. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1) and 1681o(a)(1), statutory damages of not less than $100.00 and not more than $1,000.00 per willful violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and costs of this action pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LaShonda Warner respectfully requests that the Court enter judgment against Defendant Equifax Information Services, LLC and award the following relief:

(a) Judgment in favor of Plaintiff and against Equifax on all counts;

(b) Actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1), in an amount to be determined at trial, including but not limited to damages for emotional distress, damage to creditworthiness, and out-of-pocket losses;

(c) Statutory damages of not less than $100.00 and not more than $1,000.00 per willful violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), with each act of dissemination to a third-party creditor constituting a separate violation;

(d) Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for Equifax's knowing and willful pattern of omitting material data from consumer disclosures in violation of the FCRA, in an amount to be determined at trial;

(e) Costs of this action pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

(f) Injunctive relief directing Equifax to provide Plaintiff with a complete and corrected consumer file disclosure that fully and accurately discloses all information in Plaintiff's file as required by 15 U.S.C. § 1681g(a)(1), including all payment history data, actual payment amounts, activity designators, and account closing dates currently withheld from Plaintiff's Disclosure; and

(g) Such other and further relief as this Court deems just and proper.

Plaintiff reserves the right to amend this Complaint pursuant to Federal Rule of Civil Procedure 15(a) to add reinvestigation counts under 15 U.S.C. § 1681i as to the remaining accounts following expiration of the CRA's 30-day reinvestigation window.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff LaShonda Warner hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

LaShonda Warner

LaShonda Warner

Pro Se Plaintiff

warnerlashonda@gmail.com

52 Cedar St

Mattapan, Massachusetts 02126

Dated: _____5/24/26______________________